SHAFER et al. v. SPRUKS.

(Circuit Court of Appeals, Third Circuit. May 8, 1913.)

No. 1699.

1. EQUITY ⟨key⟩66—MAXIMS—DOING EQUITY.
　　He who seeks equity must do equity.
　　[Ed. Note.—For other cases, see Equity, Cent. Dig. §§ 188–190; Dec. Dig. ⟨key⟩66.]

2. CORPORATIONS ⟨key⟩477—BOND ISSUE—ULTRA VIRES.
　　Where the stockholders of a corporation authorized the directors to arrange the details and to secure a loan by bonds and a mortgage on the property of the company, and the directors authorized the executive committee to have proper papers drawn and executed for the bonding of the company and to secure the mortgage and bonds, the provision made by the committee for a lien upon the company's after-acquired property was not, as a matter of law, an unwarranted act, instead of a discretionary detail.
　　[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1857–1863, 1865–1869; Dec. Dig. ⟨key⟩477.]

3. CORPORATIONS ⟨key⟩426—BOND ISSUE—ESTOPPEL TO SET UP ULTRA VIRES.
　　Assuming that the act of the executive committee of a corporation in providing that a mortgage should be a lien upon its after-acquired property was unwarranted, the corporation which received the bonds reciting such lien from the trustee-mortgagee, negotiated them at par, paid the interest coupons, and used the proceeds for the payment of a debt to one of its officers, who ten years later borrowed from a bank upon the bonds as collateral, was equitably estopped as against such bank from averring a want of authority to create the lien on the after-acquired property, and had no standing in a court of equity to remove the cloud of such lien from after-acquired property.
　　[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1596, 1702–1704, 1707, 1708, 1710–1716; Dec. Dig. ⟨key⟩426.]

Appeal from the District Court of the United States for the Middle District of Pennsylvania; C. B. Witmer, Judge.

Bill in equity by David Spruks, receiver of the Lackawanna Dairy Company, against H. C. Shafer, trustee, and the Scranton Savings Bank. From a decree confirming a master's report finding for complainant, the defendant bank appeals. Decree reversed, and record remanded, with direction to dismiss the bill.

Samuel B. Price, Cole B. Price, and John H. Price, all of Scranton, Pa., for appellant.

George D. Taylor, of Scranton, Pa., for appellee.

Before GRAY, BUFFINGTON, and McPHERSON, Circuit Judges.

BUFFINGTON, Circuit Judge. In the court below David Spruks, receiver of the Lackawanna Dairy Company, an insolvent corporation of West Virginia, brought a bill in equity against H. C. Shafer, trustee, for an issue of bonds under a mortgage given by said company and against the Scranton Savings Bank, a corporation of Pennsylvania, the owner of such bonds. The bill sought to remove a

cloud on parcel No. 2 of the insolvent company's real estate, which the bank asserted by reason of an alleged lien thereon of its bonds. The case was referred to a master, whose report, holding no such lien existed, was confirmed by the court. Thereupon the bank sued out this appeal.

The facts are not in dispute. On October 8, 1899, the stockholders of the dairy company authorized the company to borrow $20,000 "and that the board of directors of said company be authorized to arrange the details and direct the officers to secure the same by bonds and mortgage upon the property of the said company." On the same day the directors resolved:

"That the board of directors authorize the executive committee to have the proper papers drawn and executed for the bonding of the company in the sum of $20,000, and that they also be authorized to secure the mortgage and the bonds for the same amount."

In pursuance thereof the executive officers executed the $20,000 bonds here involved, which bonds, after reciting that they were secured by the mortgage, made this statement:

"Which mortgage covers all the real estate, machinery, plant, fixtures and equipment of every description now owned or hereafter acquired by the Lackawanna Dairy Company, and all its franchises, rights and privileges."

The bonds were also indorsed with the certificate of the trustee to whom the mortgage was given to the effect:

"That this bond is one of a series of two hundred bonds of one hundred dollars ($100) each, referred to in the within mentioned mortgage, executed to the undersigned trustee named therein."

In point of fact the mortgage, whether purposely or by mistake does not now appear, contained no provision covering after-acquired property. These bonds were, on June 9, 1900, used at par by the company in part payment of a loan previously made to it by L. A. Lange, one of its officers. Subsequently Lange, on July 11, 1910, borrowed from the Scranton Savings Bank $7,800, the latter accepting and still holding said bonds as collateral for the loan. Subsequent to the giving of the mortgage, which covered the ground on which the company's dairy was located, the company acquired the adjoining lot of ground, referred to above as parcel No. 2. On the receiver attempting to sell this tract, the savings bank asserted, on such after-acquired property, the lien averred in its bonds to be embodied in its mortgage. Thereupon the receiver filed this bill to remove the cloud of the asserted lien. It will be noticed that the rights of purchasers or subsequent incumbrancers are not here involved.

[1] As the receiver simply stands in the dairy company's shoes, the case is one between that company and the holder of its bonds. Moreover, it is the dairy company that is here seeking relief in a court of equity, a right to resort to whose aid is always based on that golden rule of all equitable procedure, that he must do, who seeks, equity.

[2] Now the facts of this case, as noted above, are that the company, by its executive officers, executed these bonds; made them

225 F.—31

payable to bearer; had them certified by the mortgage trustee as being secured by a concurrent mortgage covering after-acquired property; used such certified bonds for their full face value to pay its debts; allowed them to stand for ten years unchallenged; ratified them by paying the attached coupons; and, after allowing them to stand thus accredited in the hands of the original holder, has made it possible for the savings bank to invest its funds therein. The mere statement of these facts discloses the inequitable character of the dairy company's demand. While enjoying the fruits of its officers' acts, it now seeks to disavow that to which the fruit owes its existence. To justify a result so inequitable it interposes the plea of ultra vires and want of corporate authority in its executive officers to include after-acquired property as subjects of lien. We are pointed to no authority which constrains this court to hold that the provision made by executive officers for a lien on after-acquired property was, in view of the broad character of the resolutions of the stockholders and the directors, an unwarranted act. The placing of after-acquired property under the lien of a mortgage is a common provision in such instruments. And in view of this it may with much force be contended that, in the broad terms of the stockholders' resolution authorizing the board of directors "to arrange the details" and to secure the same "upon the property of the said company," there was no qualification as to the nature of the details or restriction to present, as distinguished from after-acquired property. So, also, the resolution of the board was of the most general scope, for thereby the executive officers were directed "to have the proper papers drawn and executed for the bonding of the company." As we have said, no authority goes to the length of constraining us to hold, as a matter of law, that under these broad powers the inclusion of after-acquired property under a lien was an unwarranted and unlawful act, and not a discretionary detail.

[3] Assuming, however, for present purposes, that the act of the executive officers in stipulating for a lien on after-acquired property was unwarranted, the fact still remains that the company, after receiving the bonds from the trustee-mortgagee, not only negotiated them but received and used the proceeds. As noted above, no rights of third parties are here involved. The case is one between the original parties, the obligor, and the holder of the bond. Under such conditions and with the obligor receiving and still retaining the par proceeds of the bonds, it has no standing to invoke the aid of a court of equity to repudiate and disavow the act which secured the retained benefit from its obligee. This is in accord with the general salutary principle that a principal cannot retain the benefit of ultra vires acts and at the same time repudiate them; for, if, as held in Chapman v. Douglass, 107 U. S. 355, 2 Sup. Ct. 62, 27 L. Ed. 378, a legal liability springs from a moral duty to make restitution, it logically follows that a failure to make such restitution creates an equitable disability in him who inequitably retains. We therefore hold that the dairy company, having appropriated the full proceeds of these bonds which contemplated a lien on after-acquired property, is equitably estopped

from averring a lack of authority to create it and has no standing in a court of equity to remove the cloud of such lien from parcel No. 2.

The decree below is therefore reversed, and the record will be remanded, with directions to dismiss the bill at the costs of the estate.